UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA WILLIAMS                    CIVIL ACTION NO. 15-321

VERSUS                               SECTION "C"

FREDDIE TAYLOR, ET AL                HON. HELEN BERRIGAN

ORDER AND REASONS

Before the Court is a motion to remand by plaintiff, Patricia Williams. Rec. Doc. 6. The defendants oppose the motion. Rec. Docs. 14, 18. In addition, defendants Sharita Price and Progressive Security Insurance Company have moved to dismiss themselves as parties in this action. Rec. Doc. 19. Plaintiff has not filed an opposition to the motion to dismiss. For the reasons discussed herein, the Court DENIES the motion to remand and GRANTS the motion to dismiss.

I.   FACTUAL BACKGROUND

This action arises out of an automobile accident. On February 28, 2013, Sharita Price ("Price") was driving westbound in the right lane of St. Claude Avenue in New Orleans, Louisiana. Rec. Doc. 1-5 at 2. Patricia Williams ("Williams") was a passenger in the car. Rec. Doc. 1-5 at 3. At the same time, Freddie Taylor ("Taylor") was driving a tractor-trailer and also headed westbound on St. Claude Avenue, traveling in the left lane. *Id*. According to Williams,

1

Taylor negligently changed lanes and collided with the car driven by Price. *Id*. at 3. Williams claims that she sustained injuries to her neck, arms, back, shoulders and spine. *Id*. at 4.

On January 17, 2014, Williams filed suit in state court, naming Taylor; Taylor's employer, B.A.H. Express Inc.; Price; and their insurers as defendants. *Id*. The petition alleged that Taylor had negligently changed lanes and that Price had negligently failed to avoid the accident. *Id*. In their answer, Taylor and his insurer, Westfield Insurance Company ("Westfield") denied that any accident had taken place, but that if an accident was shown, then it was caused through the fault of Price and Williams. Rec. Doc. 1-5 at 19. Price denied that she was at fault for the accident. Rec. Doc. 1-5 at 49. In the course of discovery, defendants produced a copy of a recorded statement by Brian Schwartz (misspelled as "Brian Swart"), listed as a witness to the accident. Rec. Doc. 12-5. In Schwartz's statement, he averred that he had been a passenger in a car assigned to lead the tractor-trailer from a sugar plant to a truck stop when the accident occurred. *Id*. While admitting that he had not seen the accident from his vantage point in front of the truck, he remarked that in his opinion, Price had tried to pass the truck by driving on the right, saw a large hole in the middle of the road, "hit the brakes, tried to get behind the trailer and hit the side of the trailer." *Id*. On January 12, 2015, defendants deposed Williams. Williams testified that she was not aware of any way that Price could have avoided the accident. Rec. Doc. 14- at 26-27. On February 3, 2015, defendants removed the action to federal court, arguing that the Williams' deposition testimony constituted "other paper" that rendered the case removable pursuant to 28 U.S.C. §1446(b)(3). Rec. Doc. 1 at 6. On March 2, 2015, Williams moved to remand the action to state court. Rec. Doc. 6.

## II.  DISCUSSION

### a.  Timeliness

In her motion to remand, Williams first argues that defendants' notice of removal is not timely. 28 U.S.C. §1446(b)(3) provides:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Williams asserts that her deposition did not constitute "other paper" that would trigger a thirty-day period to file a removal action. Rec. Doc. 6-1 at 6. Instead, Williams asserts that defendants have been on notice since at least March 8, 2013, when Schwartz's recorded statement was taken, that there was a witness who placed sole fault of the accident on Price. *Id*. at 7. Williams further contends that because defendants have consistently maintained that the accident was caused solely by Price in the state court proceedings, they cannot now move for remand. *Id*.

The Court disagrees and finds that the notice of removal is timely. The Fifth Circuit has affirmed that the plaintiff's deposition may qualify as "other paper" under 28 U.S.C. §1446(b)(3). In *S.W.S. Erectors, Inc. v. Infax, Inc*., the Fifth Circuit stated, "the other paper conversion requires a *voluntary act by the plaintiff*." 72 F.3d 489, 495 (5th Cir. 1996) (quoting *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (internal quotations omitted). In *Brinkley v. Universal Health Services, Inc.*, a district court held that the testimony of an expert retained by the plaintiffs qualified as "other paper" because plaintiffs had responsibility over the expert's opinion and testimony. 194 F.Supp.2d 597, 600 (S.D. Tex. 2002). Here, the deposition testimony of the plaintiff herself certainly falls within the Fifth Circuit's requirement that there be a voluntary act of the plaintiff. Furthermore, the content of the testimony revealed for the first time that despite the pleadings made in her petition, Williams did

not believe she had a cause of action against Price or Price's insurer, the only non-diverse defendants. Thus, the Court finds that Williams's deposition constitutes other paper from which the defendants could first ascertain that the case had become removable, and that removal was therefore timely.

### b. *Improper joinder*

Williams next argues that removal is improper because the defendants are incorrect in asserting that Price was fraudulently joined to the action to defeat diversity. In the notice of removal, defendants argue that Williams named Price as "merely a procedural tactic employed in an attempt to prevent removal." Rec. Doc. 1 at 6. Williams denies this allegation. She argues that defendants' state court answers, which claim that Price was responsible for the accident, and other documents in the record show that Price's fault will be an issue at trial for the trier of fact to resolve. Rec. Doc. 6-1 at 11.

"The burden of proving fraudulent joinder is a heavy one" and lies with the removing party. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). The court must "evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to plaintiff," "resolve all contested issues of substantive fact in favor of the plaintiff," and "examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Id*. The Fifth Circuit has recognized two means of establishing improper joinder: 1) There must be actual fraud in the pleading of jurisdictional facts, or 2) the defendant must demonstrate that the plaintiff has no possibility of recovery against the in-state defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit clarified that district courts should conduct a Rule 12(b)(6)-type analysis by looking at the allegations of the complaint to

determine whether the complaint states a claim under state law against the in-state defendant. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. at 573. However, the Fifth Circuit also directed that in those cases in which "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder" then the district court may at its discretion "pierce the pleadings and conduct a summary inquiry." *Id*. The Fifth Circuit cautioned that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Court may consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for her claim. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

Here, plaintiff's deposition testimony reveals that the petition omitted the fact that in Williams' recollection, Price did not drive negligently and was not at fault for the accident. Rec. Doc. 1-2 at 26-27. Thus, the Court finds it is necessary to look beyond the pleadings to see whether there are "discrete and undisputed facts" that would preclude Williams from recovering against Price. Williams lists a number of documents in the record that indicate that Price may be at fault. These are:

- A motor vehicle traffic crash report by the New Orleans Police Department taken shortly after the accident. The NOPD officer's narrative reports that Taylor "stated that he had not realized that he struck [Price's] vehicle." Rec. Doc. 6-5.
- The recorded statement of Brian Schwartz taken by Westfield on March 8, 2013, wherein Schwartz stated that he believed Price had caused the accident, though he had not witnessed the accident firsthand. Rec. Doc. 6-9.

Defendants counter that these documents are inadmissible and must be disregarded by the Court. Rec. Doc. 14 at 12. The Court agrees. Typically, courts do not consider police accident reports and unauthenticated statements when ruling on motions for summary judgment. *See, e.g. U.S. v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987) (police report detailing statement of a witness contained two levels of hearsay and was inadmissible at trial); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration. . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Because plaintiffs have not presented any admissible evidence to show that Price drove negligently, the Court finds that Price is improperly joined.

Furthermore, even if the documents were admissible, the Court finds that they would not show a basis in fact for recovering against Price. The accident report indicates that Taylor did not realize he had struck Price's vehicle, but does not evidence any fault by Price. In fact, the report reflects that the responding officer issued a citation to Taylor for "improper lane usage", which tends to corroborate that Taylor alone was at fault. Rec. Doc. 6-5 at 2. Schwartz's recorded statement also does not provide a basis for finding Price to be at fault. When the interviewer asks Schwartz if he witnessed the collision, Schwartz states that he did not. Rec. Doc. 6-9 at 11. Though Schwartz states that in his opinion, "[Price] tried to pass. . . on the right side, saw the hole, hit the brakes, tried to get behind the trailer and hit the side of the trailer", he later contradicts himself by telling the interviewer that he did not "think" that the trailer hit Price's car. Rec. Doc. 6-9 at 15. Schwartz's inconsistent opinions, which are not based on events he personally witnessed, do not convince the Court that Williams has a basis for recovering against Price.

Accordingly, the Court finds that Price is improperly joined in this action and hereby DENIES Williams' Motion to Remand (Rec. Doc. 6) and GRANTS Price and Progressive's Motion to Dismiss (Rec. Doc. 19).

New Orleans, Louisiana this 30th day of April 2015.

_____
U.S. DISTRICT COURT JUDGE
HELEN G. BERRIGAN
