**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PATRICIA WILLIAMS**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 15-321**

**FREDDIE TAYLOR, ET AL**                          **SECTION "C"**

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b) and Stay of Proceedings, as well as plaintiff's Motion to Amend/Correct the Court's Order on Motion to Remand and Order on Motion to Dismiss. Rec. Docs. 36, 40. Defendants oppose the motions. Rec. Doc. 47. The motion is under consideration on the briefs and without oral argument. For the reasons discussed herein, the Court DENIES the Motion for Certification for Interlocutory Appeal and GRANTS IN PART and DENIES IN PART the Motion to Amend.

### I.        Factual and Procedural Background

Plaintiff, Patricia Williams, was involved in an automobile accident on February 28, 2013. Plaintiff was a passenger in a car being driven by Sharita Price ("Price") when plaintiff claims it collided with a tractor-trailer driven by Freddie Taylor ("Taylor"). On

1

January 17, 2014, plaintiff filed a suit for damages in state court against Taylor and his employer, B.A.H. Express, Inc. ("BAH"), and insurer, Westfield Insurance Company ("Westfield"), as well as Price and her insurer, Progressive Security Insurance Company ("Progressive"). Rec. Doc. 1-5.  Defendants subsequently removed the case to federal court, claiming that Williams had fraudulently joined Price in an effort to frustrate federal diversity jurisdiction. Rec. Doc. 1. Plaintiff moved to remand the action on March 2, 2015. Rec. Doc. 6. On April 2, Price and her insurer, Progressive, filed a motion to dismiss, also arguing that they had been fraudulently joined to the action. Rec. Doc. 19. On April 30, 2015, the Court issued its Order and Reasons finding that it had jurisdiction over the action, denying the motion to remand and dismissing Sharita Price and Progressive from the action. Rec. Doc. 32.

Plaintiff now moves the Court to certify its Order and Reasons for interlocutory appeal to the United States Court of Appeal for the Fifth Circuit, asking that the Court amend the Order and Reasons to state that its decision "involves controlling questions of law, as to which there is substantial ground for difference of opinion" and that "an immediate appeal may materially advance the ultimate termination of the litigation." Rec. Doc. 36-1 at 1. Plaintiff also moves the Court to certify its Order and Reasons as a final judgment under Rule 54(B) or, alternatively requests that the Court amend its Order and Reasons to reflect a dismissal of Price and Progressive "without prejudice." Rec. Doc. 40-1.

## II.    Law and Analysis

Under 28 U.S.C. §1292 (b), permissive interlocutory appeal may be taken from an order not otherwise appealable when the district judge is:

of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

If these conditions are met, then the Court of Appeals may permit an appeal at its discretion. *Id*. These terms, and the mechanism for achieving such an interlocutory appeal, are also reflected in Federal Rule of Appellate Procedure 5 (3).

Plaintiff claims that several controlling questions of law exist that implicate "substantial grounds for difference of opinion."  First, plaintiff contends that the Court's dismissal of Price and Progressive has prejudiced the plaintiff because she has not been given an opportunity to conduct discovery on the matter of Price's fault in the accident. Rec. Doc. 36-1 at 7. Plaintiff also argues that defendants did not show bad faith or a complete lack of possibility against Price to justify its argument that Price had been fraudulently joined. *Id*. at 9. For these same reasons, plaintiff asserts that Price and Progressive should not have been dismissed from the action. *Id*. at 13-14.

Defendants counter that plaintiff has not identified a controlling question of law that would justify interlocutory appeal in this instance, but instead takes issue with the Court's decision not to allow further discovery and with its weighing of the evidence in the record regarding plaintiff's claims against Price. Rec. Doc. 47 at 4-5. Defendants also argue that there is no substantial ground for difference of opinion, as there is no significant discrepancy between how Louisiana federal district courts decide the issue of improper joinder. *Id*. at 7. Finally, defendants claim that an immediate appeal would not materially advance the termination of the litigation, but would only determine in which forum the case is ultimately tried. *Id*. at 7-8.

The Court finds that its Order and Reasons do not implicate a controlling question of law as contemplated by 28 U.S.C. §1292 (b). Multiple circuits have specified that a controlling

question of law must refer to a "pure question of law"—one that the "court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000). *See also*, *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) ("28 U.S.C. §1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'"). Here, plaintiff's motion focuses on the Court's evaluation of the evidence and pleadings, arguing for example that "defendants have failed to show that Plaintiff acted in bad faith. . ." and "cannot overcome the 'heavy burden' required to prove bad faith." Rec. Doc. 36-1 at 10 (emphasis in original). Indeed, the bulk of plaintiff's briefing on this point is devoted to arguing that the Court incorrectly weighed the evidence before it, and should have allowed further discovery to be taken. *Id*. at 6-14. Plaintiff has not identified a question of *law* whose immediate appeal would materially advance the litigation. Thus, the standards for certifying an interlocutory appeal pursuant to 28 U.S.C. §1292 (b) have not been met, and the motion for certification for interlocutory appeal must be denied.

Plaintiff has also moved for the Court to certify its Order and Reasons as a final judgment under Rule 54(B) or, in the alternative, to amend its Order and Reasons to reflect dismissal of Price and Progressive "without prejudice," so that plaintiff may bring these parties back into the suit should discovery disclose evidence of Price's negligence. Rec. Doc. 40-1 at 1, 7. The Court finds that an amendment to its Order and Reasons to dismiss Price and Progressive "without prejudice" is appropriate. One of the reasons plaintiff purports to be unable to present evidence of Price's fault is Taylor's failure to appear for his own deposition. Rec. Doc. 36-1. Although plaintiff failed to avail herself of other remedies to ensure Taylor's appearance for deposition, defendants should nonetheless not be permitted to advance a theory that may hinge in part on

4

Taylor's failure to fulfill his obligations as a litigant. Therefore, the Court hereby amends its Order and Reasons to dismiss Price and Progress without prejudice. Should further discovery produce evidence showing that plaintiff may plausibly recover from these parties, then plaintiff may seek to join them to the action at that time. Having determined that amendment is appropriate, the Court finds that the remaining relief sought by plaintiff under Rule 54(B) is moot.

### III.     Conclusion

Accordingly, IT IS ORDERED that plaintiff's Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. 1292 (b) and Stay of Proceedings (Rec. Doc. 36) is DENIED. IT IS FURTHER ORDERED that plaintiff's Motion for Rule 54(B) Certification or, in the Alternative, an Amendment of the Order and Reasons (Rec. Doc. 40) is GRANTED IN PART and DENIED in PART. The Order and Reasons (Rec. Doc. 32)  is amended to reflect that Price and Progressive are dismissed without prejudice.

New Orleans, Louisiana this 10th day of August, 2015

UNITED STATES DISTRICT JUDGE